IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| LEKAN FAWMI, #330622, ) ) ) Petitioner, ) ) v. ) ) WARDEN LIEBER ) CORRECTIONAL INSTITUTION, ) ) Respondent. ) ) | Civil Action No. 9:12-2380-SB  **ORDER** |

This matter is before the Court upon Lekan Fawmi's pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, which was filed on August 13, 2012. Pursuant to Local Rule 73.02(B)(2)(a), the matter was referred to a United States Magistrate Judge for preliminary review.

On December 10, 2012, the Respondent filed a motion for summary judgment, and on December 17, 2012, the Magistrate Judge issued an Order pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising the Petitioner of the summary judgment procedure and the possible consequences of his failure to adequately respond to the motion. After receiving an extension of time, the Petitioner filed a memorandum in opposition on January 22, 2013.



On April 18, 2013, the Magistrate Judge issued a report and recommendation ("R&R"), analyzing the issues and recommending that the Court grant the Respondent's motion for summary judgment. Specifically, the Magistrate Judge determined that the Petitioner failed to properly exhaust several of the issues raised in his petition, rendering them procedurally defaulted. The Magistrate Judge also found that the Petitioner failed to

show cause and prejudice, or actual innocence, to excuse the procedural default. With respect to the Petitioner's fully exhausted claims, the Magistrate Judge determined that the state court's adjudication of these claims did not result in a decision that was contrary to, or that involved an unreasonable application of, clearly established federal law. Attached the R&R was a notice advising the Petitioner of his right to file written, specific objections to the R&R within fourteen days of receiving a copy. To date, no objections have been filed.

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. Mathews v. Weber, 423 U.S. 261 (1976). The Court is charged with making a de novo determination only of those portions of the R&R to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the matter only for clear error. See Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.' ") (quoting Fed. R. Civ. P. 72 advisory committee's note).

Here, because no objections were filed, the Court has reviewed the record, the applicable law, and the findings and recommendations of the Magistrate Judge for clear error. Finding none, the Court hereby **adopts the R&R** (Entry 31) as the Order of the Court and incorporates it herein, and it is

2

**ORDERED** that the Respondent's motion for summary judgment (Entry 19) is granted; and this section 2554 petition is dismissed with prejudice.

**AND IT IS SO ORDERED.**

Sol Blatt, Jr.
Senior United States District Judge

May __7__, 2013
Charleston, South Carolina

